UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

December 12, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Jennifer F. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-209-BAH

Dear Counsel:

On January 28, 2022, Plaintiff Jennifer F. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case (ECF 10), the parties' cross-motions for summary judgment (ECFs 14 and 16), and Plaintiff's reply (ECF 18). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

### I. PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on March 21, 2019, alleging a disability onset of January 26, 2018. Tr. 15, 197–214. Plaintiff's claims were denied initially and on reconsideration. Tr. 131–38, 140–45. On April 14, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 31–66. Following the hearing, on June 30, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 12–30. The Appeals Council denied Plaintiff's request for review, Tr. 1–5, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

### II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this

---

[1] 42 U.S.C. §§ 301 et seq.

*Jennifer F. v. Kijakazi*
Civil No. 22-209-BAH
December 12, 2022
Page 2

process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ found that Plaintiff engaged in substantial gainful activity from January 2018 to May 2019 but did not engage in substantial gainful activity for a separate continuous 12-month period during her alleged period of disability. Tr. 17–18. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "cervical and lumbar degenerative disc disease, cervical and lumbar radiculopathy, and obesity." Tr. 18. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "asthma" and "headaches/migraines." *Id*. At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 19. Despite these impairments, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to 4 hours standing/walking in an 8-hour workday and can sit for 8 hours in an 8-hour workday. She can occasionally climb ramps or stairs, but cannot climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, or crawl. She must avoid concentrated exposure to extreme cold, vibration, wetness, humidity, and fumes, dusts, gases, poor ventilation and other pulmonary irritants. She must avoid all exposure to hazards.

Tr. 19. The ALJ determined that Plaintiff was able to perform past relevant work as a telephone solicitor (DOT[2] Code 299.357-014). Tr. 25. Therefore, the ALJ concluded that Plaintiff was not disabled. *Id.*

### III.   LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind

---

[2] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

On appeal, Plaintiff argues that the ALJ failed to support her RFC determination with substantial evidence. ECF 14-1, at 5–16. Specifically, Plaintiff avers that the ALJ: (1) failed to conduct "a narrative discussion to bridge any evidence of record to the . . . unsupported conclusion" that Plaintiff is able to sit for eight hours during an eight-hour workday; and (2) failed to analyze her ability to sit separately from the analysis of her ability to perform other functions. *Id.* at 14–16. Defendant counters that substantial evidence supported the ALJ's decision because the ALJ conducted a thorough analysis of Plaintiff's testimony, medical records, reports, and other opinions as support for her RFC determination. ECF 16-1, at 5–12.

A claimant's RFC represents "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). In determining a claimant's RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [her] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Pursuant to Social Security Ruling 96-8p, an ALJ's RFC assessment must include an evaluation of the claimant's ability to perform the physical functions listed in 20 C.F.R. § 404.1545(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions.... [that] may reduce [a claimant's] ability to do past work and other work." 20 C.F.R. § 404.1545(b). "Only after such a function-by-function analysis may an ALJ express RFC in terms of the exertional levels of work" of which she believes the claimant to be capable. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (holding that ALJ erred by ignoring significant evidence related to claimant's limitation on sitting and concluding that claimant was not restricted in her ability to sit) (internal quotation marks omitted) (quoting *Monroe*, 826 F.3d at 179). As noted in *Dowling*, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Id.* (alteration in original) (citation omitted). Thus, an ALJ must both identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

Here, like in *Dowling*, the ALJ failed to support her RFC limitation with an analysis describing the specific evidence supporting the limitation. In considering the record evidence, the ALJ found the assessment of Dr. Donald Williams, who opined that Plaintiff could "perform sedentary work with . . . 6 hours of sitting in an 8-hour workday," to be "partially persuasive." Tr. 24. The ALJ also found the assessment of Dr. Matthew Silver, who opined that Plaintiff could "frequently sit in an 8-hour workday," to be unpersuasive. *Id.* While the ALJ describes in detail

*Jennifer F. v. Kijakazi*
Civil No. 22-209-BAH
December 12, 2022
Page 4

why she agrees or disagrees with these physicians' assessments of Plaintiff's "standing," "walking" "postural," and "manipulative" limitations, *id.* at 24–25, the analysis is silent on the specific issue of whether either physician's assessment of Plaintiff's ability to sit for prolonged periods is consistent with other record evidence. *Id.* Further, a Medicaid evaluation conducted in 2018 indicated that Plaintiff was unable to sit for more than one hour, and a separate Medicaid evaluation in 2019 found that Plaintiff could not sit for more than 30 minutes. Tr. 670, 742. The ALJ's decision contains no reference to either of these evaluations. As such, the lack of relevant analysis in the ALJ's decision leaves me unable to determine whether substantial evidence supports the finding that Plaintiff can sit for eight consecutive hours.

The ALJ also found that Plaintiff's testimony that she could not "sit or stand for any period of time" was "not entirely consistent with the medical evidence and other evidence in the record . . . ." Tr. 20. Specifically, the ALJ cited testimony in which Plaintiff stated that she "drives," "mows the grass on a riding mower," and rides a bike on a "limited" basis. Tr. 20, 22. Nonetheless, the ALJ does not explain how evidence of any of these activities leads to the conclusion that Plaintiff is capable of sitting for eight hours during an eight-hour workday.

In sum, the ALJ's failure to explain how the record evidence supports her finding that Plaintiff can sit for eight hours during an eight-hour workday "frustrate[s] meaningful review" of the RFC assessment in this case. *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). Therefore, remand is required so that the ALJ can provide a more fulsome explanation of how the record evidence supports her conclusion on this issue. *Id.* In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

### V.   CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 14, is DENIED and Defendant's motion for summary judgment, ECF 16, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge